UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC T.,

               Plaintiff,

v.                                                                                           5:21-CV-0755
                                                                             (GTS/ATB)

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

APPEARANCES:                                                           OF COUNSEL:

OLINSKY LAW GROUP                                              HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION              LISA SMOLLER, ESQ.
 Counsel for Defendant
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Eric T. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Andrew T. Baxter recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's Objection to the Report and Recommendation, and (3) Defendant's response to Plaintiff's

Objection. (Dkt. Nos. 18, 19, 20.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I.     **RELEVANT BACKGROUND**

    A.     **Magistrate Judge Baxter's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Baxter found that the determination of Plaintiff's non-disability by Administrative Law Judge ("ALJ") Jennifer Gale Smith was supported by substantial evidence, because (among other reasons) she properly weighed the opinion evidence of Dr. Ifechukwude Ojugbeli, M.D. (Dkt. No. 18, at 8-21.) More specifically, Magistrate Judge Baxter found as follows: (1) even if Dr. Ojugbeli were Plaintiff's treating physician (which does not appear to be the case), the ALJ explicitly addressed several of the relevant factors in her analysis of his opinion (including lack of specialization, consistency with other substantial evidence in the record as a whole, and the extent the opinion was based on Plaintiff's subjective reports of limitation); (2) to the extent she did not more explicitly do so, that error was harmless given that her analysis of those factors was shown by a "searching review of the record"; and (3) Plaintiff has not challenged the ALJ's evaluation of a multitude of other opinions, which are inconsistent with Dr. Ojugbeli's opinion, and upon which she relied in crafting a narrowly tailored RFC for modified light work. (*Id.*)

    B.     **Plaintiff's Objection to the Report-Recommendation and Defendant's Response**

        1.     **Plaintiff's Objection**

Generally, Plaintiff argues that Magistrate Judge Baxter erred in finding that the ALJ had properly weighed the opinion evidence of Plaintiff's treating physician Dr. Ojugbeli. (Dkt. No. 19, at 1-2.) More specifically, Plaintiff asserts the following two-pronged argument: (1) as a

2

threshold matter, the ALJ erred by questioning whether Dr. Ojugbeli was a "treating physician," because the ALJ never contested that fact (rendering Magistrate Judge Baxter's contesting of that fact an impermissible post-hoc realization), and in any event, Dr. Ojugbeli treated Plaintiff everyone one to three months (rendering him a treating physician); and (2) in any event, the fact that the ALJ did not explicitly consider some of the relevant factors is error (regardless of whether such consideration is shown by a searching review of the record). (*Id*.)

### 2. Defendant's Response to Plaintiff's Objection

Generally, in response to Plaintiff's Objection, Defendant asserts five arguments: (1) Magistrate Judge Baxter was well within his authority to determine whether Dr. Ojugbeli was in fact a treating physician when he issued his opinion, because Plaintiff argued (in his initial brief) that the ALJ had improperly evaluated Dr. Ojugbeli's opinion under the Treating Physician Rule, thus requiring Magistrate Judge Baxter to determine (as a threshold matter) if the Treating Physician Rule actually applied; (2) moreover, the ALJ's threshold finding about Dr. Ojugbeli's status was supported by the evidence (which included an undisputed chronology of treatment mostly by other providers in Dr. Ojugbeli's office); (3) in any event, any such error was harmless because Magistrate Judge Baxter proceeded to analyze Dr. Ojugbeli's opinion under the Treating Physician Rule; (4) turning to Plaintiff's argument that the ALJ did not explicitly consider some of the relevant factors, that argument is essentially a rehashing of an argument made in his initial brief, and thus subject to only a clear-error review, which it easily survives; and (5) in any event, even if that rehashed argument were subject to a de novo review, it would survive that review, because by a "searching review of the record" (which is permissible) shows good reasons for assigning little weight to Dr. Ojugbeli's opinion. (Dkt. No. 20.)

## II.     APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).  "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

**III.   ANALYSIS**

After carefully reviewing the relevant filings in this action, including Magistrate Judge Baxter's thorough Report and Recommendation, and Plaintiff's Objection thereto, the Court can find no error in the Report-Recommendation, clear or otherwise: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 19.) In particular, the Court rejects Plaintiff's two-pronged Objection for each of the five reasons stated by Defendant in her response. *See, supra,* Part I.B.2. of this Decision and Order. To those reasons, the Court adds four points, which are intended to supplement and not supplant those reasons.

First, Defendant is correct that, in her initial brief, Plaintiff placed at issue whether the ALJ had considered Dr. Ojugbeli to be a treating physician. (*See, e.g.,* Dkt. No. 15, at 12 [attaching page "10" of Plf.'s Brief, arguing, "Further, it is not entirely clear that the ALJ weighed Dr. Ojugbeli's opinion as a treating physician as she lumped the opinion in with that of Zoryana Mouair, FNP. T 26."].)

Second, Defendant is correct that, in any event, any such error was harmless because Magistrate Judge Baxter proceeded to analyze Dr. Ojugbeli's opinion under the Treating Physician Rule. (Dkt. No. 18, at 15-21 [Report-Recommendation, stating, "In any event, the court finds no error warranting remand with respect to the ALJ's evaluation of Dr. Ojugbeli's opinion, even had it been subject to the treating physician rule," and then conducting an analysis of the ALJ's reasoning under the Treating Physician Rule over the course of five pages].)

Third, Defendant is correct that the second prong of Plaintiff's Objection (regarding the ALJ's lack of explicit consideration of some of the relevant factors in deciding to discount Dr.

Ojugbeli's opinion) is merely a repetition of an argument made by Plaintiff in his initial brief. (*Compare* Dkt. No. 19, at 2 [Plf.'s Objection, arguing that the ALJ must "explicitly consider" the *Burgess* factors under the treating physician rule] *with* Dkt. No. 15, at 12-14 [attaching pages "10" through "12" of Plf's Brief, arguing that "the ALJ failed to mention the let alone consider the factors under the treating physician rule"].)  As a result, this repeated argument (which was considered and rejected by Magistrate Judge Baxter) is subject to only a clear-error review, pursuant to the standard set forth above in Part II of this Decision and Order.

      Fourth and finally, both Defendant and Magistrate Judge Baxter are correct that, even in the absence of an explicit analysis of all of the relevant factors, a Commissioner's decision may be upheld if the Commissioner has given "good reasons" for her weight assignment. *See Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) ("If the Commissioner has not otherwise provided good reasons for its weight assignment, we are unable to conclude that the error was harmless and consequently remand for the ALJ to comprehensively set forth its reasons. . . . If, however, a searching review of the record assures us that the substance of the treating physician rule was not traversed, we will affirm.") (internal citations and quotation marks omitted); *see, e.g., Elysia C. v. Comm'r of Soc. Sec.*, 19-CV-1632, 2021 WL 677926, at *5 (N.D.N.Y. Feb. 22, 2021) (Hummel, M.J.) ("[T]he Court rejects plaintiff's contention that an ALJ's failure to include discussion of the *Burgess* factors in rendering a Social Security disability determination constitutes per se grounds for remand").  Indeed, the very case on which Plaintiff relies on page 2 of her Objection acknowledges that, "[w]hile failure to explicitly apply the *Burgess* factors is a procedural error, a reviewing court will not reverse the Commissioner's decision when the Commissioner has given good reasons for its weight assignment." *Arias v. Kijakazi*, 21-CV-

6

3118, 2022 WL 3646003, at *5 (S.D.N.Y. Aug. 24, 2022).  Here, the ALJ has such good reasons in her decision.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report and Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety;

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 28, 2022
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge